IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60294
Conference Calendar
_____

JAMES C. METCALF,

Plaintiff-Appellant,

versus

M. L. McMILLIAN, GRAY EVANS,
EARL TATE, YELLIE GRAMMENS,
ANN LEE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:93cv327-B-D
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

James C. Metcalf filed a pro se, in forma pauperis (IFP) civil rights complaint, 42 U.S.C. § 1983, alleging that he was improperly confined to administrative segregation; that various state officials conspired against him because of his political beliefs; and that he was sentenced without due process. The district court dismissed the complaint as frivolous.

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

The Due Process Clause does not create a liberty interest in a specific custody classification, although a state may create a liberty interest protected by the Due Process Clause through the enactment of statutory or regulatory procedures. Hewitt v. Helms, 459 U.S. 460, 466-69 (1983). Under Mississippi law, Metcalf had no right to a particular classification. Miss. Code Ann. §§ 47-5-99 - 47-5-103 (1993); Tubwell v. Griffith, 742 F.2d 250, 253 (5th Cir. 1984).

In Sandin v. Conner, 115 S. Ct. 2293, 2300-01 (1995), the Supreme Court stated that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. Metcalf's initial confinement in administrative segregation as an escape risk is not an "atypical and significant hardship" which would give rise to a protected liberty interest. Id. at 2300.

Metcalf has not raised or briefed his claims that state officials conspired against him because of his political beliefs or that he was sentenced without due process. Therefore, these claims are considered abandoned. Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993) (issues not raised or briefed are considered abandoned).

AFFIRMED.